Robert A. Rees [State Bar No. 94295]
Rees Law Firm P.C.
1925 Century Park East, Suite 2000
Los Angeles, California 90067
Telephone: (310) 277-7071
Facsimile: (310) 277-7067

Attorney for Defendant
Eaton Electrical Inc., erroneously
sued as Eaton Corporation

FILED

2008 APR 30 PM 3:59

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____KNH_____DEPUTY

BY FAX

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

WILLIAM J. TUMA, dba
TUMA & ASSOCIATES,

    Plaintiff,

vs.

EATON CORPORATION,
formerly dba CUTLER-HAMMER, INC.,

    Defendant.

CASE NO.: '08 CV 0792 W CAB

**NOTICE OF REMOVAL OF
ACTION UNDER 28 U.S.C. Sec.
1441(b) (DIVERSITY)**

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

    PLEASE TAKE NOTICE that defendant Eaton Electrical Inc., erroneously sued as Eaton Corporation ("Eaton") removes to this court the state court action described below.

1. On March 28, 2008, an action was commenced in the Superior Court of the State of California in and for the County of San Diego entitled WILLIAM J. TUMA, dba TUMA & ASSOCIATES, Plaintiff, vs. EATON CORPORATION, formerly dba CUTLER-HAMMER, INC., Defendant, as Case No. 37-2008-00080824-CU-BC-CTL. A copy of the complaint is attached as Exhibit A.

2. The first date upon which Eaton received a copy of the complaint was April 1, 2008 when Eaton was served with a copy of the complaint and a summons from the state court. A copy of the summons is attached as Exhibit B.

ORIGINAL

3. This action is a civil action of which this court has original jurisdiction under 28 USC §1332 and is one which may be removed to this court by defendants pursuant to the provisions of 28 USC §1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs because plaintiff seeks damages in excess of $1,000,000.

4. Defendant is informed and believes plaintiff William J. Tuma was and still is a citizen of the State of California. Defendant Eaton was at the time of the filing action and still is a citizen incorporated under laws of the State of Delaware and having its principal state of business in the State of Ohio and is the only defendant that has been served with summons and complaint in this action.

DATED: April 30, 2008                    REES LAW FIRM PC

                                         By: _Robert A. Rees_____
                                         Robert A. Rees
                                         Attorneys for Defendant
                                         Eaton Corporation

NOTICE TO ADVERSE PARTY OF REMOVAL

**EXHIBIT A**

1    **EDLESON & REZZO**

2    L.B. Chip Edleson (Bar No. 097195)
Joann F. Rezzo (Bar No. 185675)

3    Emerald Plaza
402 West Broadway, 27th Floor

4    San Diego, CA 92101-8567
Tel: 619-230-8402

5    Fax: 619-230-1839

6    Attorneys for Plaintiff
William J. Tuma

7

FILED
CIVIL BUSINESS OFFICE 5

2008 MAR 28 P 3 11

CLERK SUPERIOR COURT
SAN DIEGO COUNTY, CA

8                    SUPERIOR COURT OF CALIFORNIA

9                      COUNTY OF SAN DIEGO

10   WILLIAM J. TUMA, doing business as      CASE NO. 37-2008-00080824-CU-BC-CTL
     TUMA AND ASSOCIATES,

11                                            **COMPLAINT FOR:**
                  Plaintiff,

12                                            1.  **BREACH OF CONTRACT**
            v.                                2.  **BREACH OF DUTY OF GOOD FAITH**

13                                                **AND FAIR DEALING**
     EATON CORPORATION, formerly doing

14   business as CUTLER-HAMMER, INC.,

15                Defendant.

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

The plaintiff alleges:

## THE PARTIES AND VENUE

1.     William J. Tuma is a resident of San Diego County, California, doing business as Tuma and Associates based in San Diego County. Eaton Corporation is headquartered in Ohio, and formerly did business under the name of Cutler-Hammer, Inc. (collectively referred to as "Cutler-Hammer" or defendant). The parties did business together in San Diego County, entered into a contract together in San Diego County, and most all of the events in dispute occurred within the venue of this court.

## FIRST CAUSE OF ACTION

### Breach of Contract

2.     Effective June 2, 2003, Tuma and Cutler-Hammer entered into a written contract. Exhibit A is a true and correct copy of the contract, entitled Manufacturer's Representative Agreement.

3.     Under the agreement, Tuma worked on commission as an independent sales representative selling circuit breakers and related products manufactured by Cutler-Hammer, with particular focus on sales to spa manufacturers. Cutler-Hammer lacked relationships, connections, and knowledge of the spa business, while Tuma had an employment background in the spa business and strong ties to the industry. Historically, Cutler-Hammer primarily sold to residential and commercial property owners, but desired to increase sales to the spa industry.

4.     While paying his own business expenses and receiving no compensation under the Manufacturer's Representative Agreement, Tuma spent four years seeking to persuade Watkins Manufacturing to start purchasing Cutler-Hammer's circuit breakers. Watkins is the world's largest spa company and is based in San Diego. Tuma previously worked for Watkins as an employee in San Diego. Cutler-Hammer expressly identified Watkins as an approved customer for Tuma to target in their Manufacturer's Representative Agreement.

5.     In early 2007, Cutler-Hammer received word that Tama had "landed the big Watkins contract." Then, Tuma, Cutler-Hammer, and Watkins worked to finalize a multi-year contract for a three to five year minimum term at a fixed price for sales of circuit breakers. They

1 | budgeted anticipated sales at $3 million for the first year with 20% growth expected for the

2 | following years, resulting in anticipated commissions to Tuma of over $300,000 per year and well

3 | over $1 million in total.

4 |      6.    In spite of Tuma's sales success with Watkins, on or about August 31, 2007,

5 | Cutler-Hammer gave notice to Tuma that it was terminating their Manufacturer's Representative

6 | Agreement. In addition, Cutler-Hammer notified Tuma that it had decided to process sales to

7 | Watkins through a third-party distributor, but that Tuma's commission would be "protected" and

8 | a payment "proposal is forthcoming."

9 |      7.    Despite multiple assurances to Tuma that his commission would be "no problem"

10 | and that he would be "protected" because he had earned his commission, Cutler-Hammer failed

11 | and refused to pay commission due under its contract and failed to offer any reasonable

12 | compensation. To the contrary, when officially notifying Tuma in writing that his contract was

13 | terminated effective December 1, 2007, Cutler-Hammer offered commission of merely $10,000.

14 |      8.    Cutler-Hammer has breached its written agreement with Tuma by failing to pay

15 | commissions due and by repudiating any obligation to pay future commission on the order made

16 | by Watkins.

17 |      9.    As a result of the defendant's wrongful conduct, Tuma has suffered damages in the

18 | form of lost past and future commission. The total amount owed by the defendant is currently

19 | unknown but will be subject to proof at the time of trial.

20 | SECOND CAUSE OF ACTION

21 | Breach of Duty of Good Faith and Fair Dealing

22 |     10.    Plaintiff incorporates here by reference paragraphs 1 through 7 and 9.

23 |     11.    The written contract between the parties contained an implied promise that neither

24 | party would do anything to injure, frustrate, or interfere with the rights of the other to receive the

25 | benefits of the contract. This implied promise imposed a duty of good faith and fair dealing on

26 | the parties, and specifically obligated Cutler-Hammer to refrain from any acts that were designed

27 | or expected to prevent or impede Tuma from receiving commission for sales obtained on behalf

28 | of Cutler-Hammer. In addition, this implied promise imposed on Cutler-Hammer a duty to act in

-2-
COMPLAINT

1    a fair and honest manner.

2        12.    After entering into its commission agreement, Cutler-Hammer breached its duty of

3    good faith and fair dealing in many respects, including:

4            (a)    Cutler-Hammer failed to pay commission or to protect future commission

5    to Tuma under unanticipated circumstances where fairness required payment and protection;

6            (b)    Cutler-Hammer failed to pay commission or to protect future commission

7    to Tuma when Cutler-Hammer received everything desired and bargained for from Tuma with

8    respect to the large sale to Watkins;

9            (c)    Cutler-Hammer terminated Tuma's contract for the specific and wrongful

10   purpose of avoiding payment of large commissions on pending sales;

11           (d)    Cutler-Hammer attempted to pressure and bully Tuma into giving up

12   commissions by falsely criticizing his performance, by offering a token payment of commission

13   but only in return for a full release of all claims, and by paying nothing for commission unless

14   Tuma accepted payment as full and final compensation;

15           (e)    Cutler-Hammer engaged in other unfair or dishonest acts and tactics that

16   will be subject to proof at the time of trial.

17       ACCORDINGLY, the plaintiff requests a judgment for:

18       1.    General damages according to proof;

19       2.    Interest;

20       3.    Costs; and

21       4.    Other relief as the court deems proper.

22   Dated: March __, 2008

23

24                        EDLESON & REZZO

25

26                        By _____
                          L. B. CHIP EDLESON
27                        Attorneys for Plaintiff
                          William J. Tuma

28

                            -3-
                          COMPLAINT

## MANUFACTURER'S REPRESENTATIVE AGREEMENT

THIS AGREEMENT is made this 2nd day of June, 2003 by and between Cutler-Hammer, Inc., having its principal place of business at 1000 Cherrington Parkway, Moon Township, PA 15108 (herein called "Cutler-Hammer"), and Tuma and Associates (herein called "Tuma and Associates"), having its principal place of business at 3139 Calle Allejandro, Jamul, Ca. 91935.

Cutler-Hammer hereby appoints Tuma and Associates as its representative to solicit sales of certain equipment, and Tuma and Associates (herein called "The Representative") hereby accepts such appointment subject to the terms and conditions set forth below.

1. **PRODUCTS**

    The products covered by this Agreement are those products listed on the attached Exhibit A ("Products"), attached hereto and made a part of this agreement. Cutler-Hammer reserves the right, in its sole discretion, to add or delete products from Exhibit A. Cutler-Hammer further reserves the right, in its sole discretion, to discontinue and change any of the Products at any time.

2. **APPOINTMENT**

    Subject to the terms of this Agreement, Cutler-Hammer hereby appoints the Representative as an authorized sales agent and grants Representative the right to solicit orders for Products only in the geographic area described in the attached Exhibit B ("Territory") and with customers as covered in Exhibit F ("Customers"). Cutler-Hammer shall have the right to make sales directly to Customers in the Territory, appoint and assist authorized distributors of Cutler-Hammer Products in the sale of Products in the Territory and/or in any other manner promote and make sales of Products in the Territory. Cutler-Hammer shall have the right, from time to time and by written notice to Representative, to make such changes in Exhibits B and F as Cutler-Hammer at its sole discretion may deem appropriate. When this occurs, compensation for existing orders obtained by the Representative will be handled in the same manner as terminations (covered in Section 15).

3. **REPRESENTATIVE'S OBLIGATIONS**

    Representative shall:

    (A)    Use its best efforts to vigorously promote the sale of Products in the Territory by, among other things, the following:

1

Ex. A; Pg. 1



(1)     Meeting the sales goals that from time to time may be established pursuant to Paragraph 8 hereof;

(2)     Using advertising and other promotional materials offered by Cutler-Hammer according to Cutler-Hammer's instructions;

(3)     Permitting reasonable inspection of and accepting recommendations concerning its activities and operations hereunder by Cutler-Hammer and following Cutler-Hammer's policies and procedures is now established and may be changed from time to time;

(4)     Coordinating, without charge, the processing of claims under Cutler-Hammer's warranty policy, as established by Cutler-Hammer from time to time, and processing such claims in accordance with Cutler-Hammer's warranty procedure in effect at the time;

(5)     Visiting the listed customers within the Territory as necessary to properly promote the sale of Products, and arranging for employees of Cutler-Hammer to visit such customers at such times as Cutler-Hammer may request;

(6)     Furnishing written reports to Cutler-Hammer, at such times and in such form as Cutler-Hammer may request, detailing Agent's sales and service activities, market forecasts, activities of competitors and such other information as Cutler-Hammer may request;

(7)     Informing Cutler-Hammer immediately of any complaints from Representative's customers concerning the delivery, installation, service or performance of Products; and

(8)     Furnishing Cutler-Hammer with all technical information needed by Cutler-Hammer to manufacture Products for the orders submitted by Agent.

(B)     Use commercially reasonable efforts to assist Cutler-Hammer in supervising the performance of Cutler-Hammer's present and future distributors for Products in the Territory by, among other things, the following:

(1)     Seeing that Cutler-Hammer's distributors use advertising and other promotional material offered by Cutler-Hammer according to Cutler-Hammer's instructions,

2

Ex. A ; Pg. 2

(2) Advise Cutler-Hammer with respect to Representative's relations with Cutler-Hammer's distributor, including providing information concerning the current financial condition and credit worthiness of each distributor;

(3) Where appropriate, reviewing the inventories of Cutler-Hammer's distributor in accordance with Cutler-Hammer's recommended stock lists, and suggesting appropriate orders to enable the distributors to maintain an adequate inventory, and establishing in conjunction with Cutler-Hammer, sales performance goals with each of Cutler-Hammer's distributors each year; and

(4) Visiting Cutler-Hammer's distributor of Products in the Territory as necessary to properly promote the sale of Products, and arranging for employees of Cutler-Hammer to visit such distributors at such times as Cutler-Hammer may request.

## 4.  ACCEPTANCE OF ORDERS BY CUTLER-HAMMER

All orders are subject to acceptance or rejection by Cutler-Hammer. No order is to be deemed accepted unless done so in writing with a copy to the Representative, and no order shall be binding until it is so accepted. Acceptance or rejection of such orders and the determination of whether to make final shipment of any order, even though previously accepted, shall be in the sole discretion of Cutler-Hammer. Each purchase order which Cutler-Hammer does not accept in writing will be deemed rejected. As to any rejected orders, or any orders which are accepted but for which, for any reason, final shipment is not made, the Representative shall not be entitled to a commission and Cutler-Hammer shall have no further liability to the Representative for such order.

## 5.  TERMS OF SALE

Cutler-Hammer shall have the exclusive right, at all times, to establish and change by notification to Representative its prices, discounts, warranties and other terms governing the sale of the Products.

## 6.  QUOTATIONS

The Representative shall quote only those prices and sales terms established by Cutler-Hammer from time to time, and shall, on demand of Cutler-Hammer, send copies to Cutler-Hammer of all quotations made and copies of other correspondence with prospective customers. The Representative will, immediately upon receipt of any revised prices or sales terms, use those new prices and sales terms in all quotations subsequently made.

3

Ex. A ; Pg 3

7.    **INQUIRIES**

The Representative shall refer to Cutler-Hammer all inquires originating outside of the Territory and shall keep Cutler-Hammer advised of any inquiries from prospective customers within the Territory.

8.    **SALES GOALS**

The Representative's Sales Goal (as hereinafter defined) for incoming business will be established on an annual basis with Cutler-Hammer for each year that this Agreement is in effect using the Mutual Marketing Plan format, which shall be based on history, potential available business, and local Cutler-Hammer district manger approval.

9.    **COMMISSIONS**

(a)    Except as otherwise set forth herein (shown in Exhibit "G"), Cutler-Hammer will pay the Representative a commission at the rate(s) specified in the attached Exhibits "C" and "C1" on all sales of Products within the Territory and to the Customers listed; listed in Exhibit "G" are existing projects or agreements where orders have been committed to Cutler-Hammer. Cutler-Hammer reserves the right to change the commission rate at any time but such change will only be applicable to orders which are mailed or delivered to Cutler-Hammer 30 days after notice of such change in rate is given to the Representative. The commission will be computed on the amount of the order procured by the Representative and originating in the Territory, less any deductions (e.g., freight and transportation charges, taxes, handling charge for minimum orders, C.O.D. charges, insurance and any items sold by Cutler-Hammer as part of a packaged quotation but not manufactured by Cutler-Hammer) which are included and shown upon such invoice.

(b)    Cutler-Hammer may charge back to the Representative's commission account the pro rata amount of the commissions credited or paid to Representative as a result of: (i) deductions made by a customer when remitting, such as cash discounts and adjustments for returned goods; (ii) difference between the amount upon which the commission is computed and the amount actually paid by a customer in payment on other than a

4

Ex. A ; Pg. 4

full payment basis; and (iii) returns of Products by a customer or for which Cutler-Hammer for any reason has granted a credit or allowance.

(c)  Commissions will generally be paid to the Representative only on sales of products within the territory.  However, Cutler-Hammer and the Representative recognize that occasions may arise which will require cooperation of Representatives, Cutler-Hammer's distributors, and/or Cutler-Hammer.  When such occasions arise, Cutler-Hammer will make the sole determination of whether the Representative will receive the commission or whether the commission will be apportioned.

(c)  All commissions due to the Representative shall be accumulated according to invoices of record at Cutler-Hammer's plants and shall be paid not later than the 25th of each month and within a minimum of 45 days after the date said invoices have been recorded.

(d)  Cutler-Hammer reserves the right to establish new accounts or to designate existing accounts, upon request of existing account, as house accounts.  No commission will be paid for sales of accounts designated by Cutler-Hammer as house accounts.  A list of current house accounts for which no commission will be paid to the Representative is set forth on the attached Exhibit D. If Cutler-Hammer should establish an existing account as a house account, commissions for any orders in the backlog at the time will be paid in the same manner outlined in section 15 (b) of this contract.

10.  **INVOICES/COLLECTION**

(a)  All invoices pertaining to the sale of Products on orders accepted by Cutler-Hammer, which originate in or are to be shipped into the Territory will be sent by Cutler-Hammer directly to the customer.

(b)  Cutler-Hammer may, from time to time and at it sole discretion, approve an order from the Representative, as purchaser, for Products, which the Representative has sold or proposes to sell to others. The Representative shall be exclusively responsible in such an instance for his own invoicing, collection and other responsibilities and such transactions shall not fall within the scope of this Agreement.  No commissions will be paid on any order received from the Representative or any entity directly or indirectly controlled or owned by Representative unless specifically approved by Cutler-Hammer.

(c)  The responsibility of all collections rests with Cutler-Hammer and, except as provided in Paragraph 9(b), Cutler-Hammer shall have no right to debit the Representative for the loss of any sum involved in any invoice unless

Ex. A : Pg 5

that customer be the Representative himself. The Representative agrees, however, to report such available current credit and financial information as Cutler-Hammer may request concerning customers and to render assistance with collections.

(d)    The Representative agrees to forward immediately to Cutler-Hammer all money and remittances in any form, which may be collected, or which customers may place in its hands.

## 11.    AUTHORITY OF REPRESENTATIVE

It is understood that the Representative is not an employee of Cutler-Hammer, and Cutler-Hammer shall exercise no control over the activities and operations of the Representative. The Representative has no authority to, and shall not attempt or purport to, make any warranty or representation, waive any rights, make any agreement or incur or assume any other obligation of any kind on behalf of Cutler-Hammer without prior written authorization from Cutler-Hammer. In particular, the Representative shall make no allowances or adjustments in accounts or authorize the return of any Products unless given specific prior authorization in writing by Cutler-Hammer.

## 12.    RESTRICTIONS ON REPRESENTATIVE

Representative shall not, without Cutler-Hammer's prior written consent, represent or solicit orders for any products in the Territory that in Cutler-Hammer's view compete with its Products. Representative shall notify Cutler-Hammer whenever he begins representing or soliciting orders for any additional products, other than those now handled by Representative, or whenever his relationship with any other manufacturer he now represents is terminated for whatever reason. Exhibit E attached hereto sets forth the names of each manufacturer Representative currently represents and the products of such manufacturers for which Representative has been authorized to solicit orders.

## 13.    INSURANCE

Representative shall carry public liability and property damage insurance on all vehicles owned and used by him hereunder and shall save Cutler-Hammer harmless from all damages and expenses arising from the ownership or use of such vehicles.

## 14.    OPERATING EXPENSES OF REPRESENTATIVE

Ex. A; Pg. 6

The Representative shall pay all expenses for the operation of his office and business.

15. **TERMINATION**

(a)   This Agreement shall be in effect for six (6) months after which either party may terminate it without cause with 30 days advance notice in writing or until it is terminated in one of the following manners:

(i)   The death of the principal(s) of Representative shall terminate this Agreement automatically;

(ii)   Either party may terminate this Agreement immediately upon written notice to the other in the event the party receiving such notice shall have: (a) initiated bankruptcy proceedings under federal or state law; (b) had bankruptcy proceedings against it under federal or state law; (c) become insolvent; (d) failed to perform any of its obligations under this Agreement.

(iii)   Significant change of ownership or control of Representative.

(b)   Termination of this Agreement shall not: (i) release Cutler-Hammer from its obligations to the Representative for payment of commissions on orders accepted by Cutler-Hammer prior to the effective date of the termination or on orders in Cutler-Hammer's possession which are thereafter accepted by Cutler-Hammer, or on orders accepted by Cutler-Hammer within thirty (30) days after the effective date of the termination if Representative furnished Cutler-Hammer within fourteen (14) days of such termination a list containing the name of the customer and the Products to be ordered, and in any instance provided the customer has paid for such order; (ii) release the Representative of its obligation to pay Cutler-Hammer collections received on invoices for Products shipped to the Representative as purchases; or (iii) release either party of any other obligation previously incurred under the terms of this Agreement.

(c)   Upon termination of this Agreement, all customer data, designs, drawings, engineering or other data, photographs, samples, literature, and sales aids of every kind supplied to the Representative by Cutler-Hammer or compiled by the Representative for Cutler-Hammer shall be promptly returned to Cutler-Hammer by the Representative.

16.   **NOTICES**

Ex. A ; Pg. 7

Any notice required or permitted herein shall be validly given if delivered by either party to the other or deposited in the mail, postage prepaid, addressed to the other at the following addresses:

Cutler-Hammer:    Cutler-Hammer
1000 Cherrington Parkway
Moon Township, PA 15108-4312
Attention: General Sales Manager

Representative:    Tuma and Associates
339 Calle Allejondro
Jamul, Ca. 91935
Attention: Joe Tuma

17.    **ENTIRE AGREEMENT**

There is no understanding between the parties not contained in this Agreement. This Agreement constitutes the entire agreement between the parties and supersedes and cancels any previous contracts, agreements or understandings. This Agreement may not be modified except in writing signed by both parties.

18.    **ASSIGNMENT**

Cutler-Hammer shall have the right, upon thirty- (30) days' notice to the Representative, to assign this Agreement. This Agreement shall not be assigned by the Representative without the prior written consent of Cutler-Hammer.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the day and year first above written.

Agent: Tuma and Associates    Cutler-Hammer

By: _____    By: _____

Title: *PRESIDENT*    Title: GSF Operations Manager

Date: 6/16/03    Date: 6/19/03
Revised 4/27/00

8

Ex. A : Pa. 8

## EXHIBIT "A"

## PRODUCTS

Line 30: BR Loadcenters and Breakers
Line 31: CH Loadcenters and Breakers

Ex. A - Pg 9

**TERRITORY:**

The Representatives approved territory shall be areas covered in the Los Angeles Sales District.

10

Ex. A ; Pg. 10

**EXHIBIT "C"**

**COMMISSIONS:**

Commissions shall be paid on invoicing of products listed in Exhibit "A" as follows:

July 1, 2003 through July 1, 2004:

5.0% of invoiced amount payable on existing business identified in the listing of accounts in Exhibit G.

10.0% of invoiced amount payable on incremental invoices above existing business in the listing of accounts in Exhibit G.

Example:

|  |  |  |  |
|---|---|---|---|
| July 2002 Invoices = | 200,000.00 | | |
| July 2003 Invoices = | 250,000.00 | | |
| Incremental Invoices = | 50,000.00 | | |

Calculation:

|  |  |  |
|---|---|---|
| Existing Business = | 200,000.00 X .05 | = $ 10,000.00 |
| Incremental Invoices = | 50,000.00 X .100 | = $  5,000.00 |
| Total Commission Earned | | = $ 15,000.00 |

Note: For specific project negotiations or the establishment of long term (multi-year) purchasing contracts for any product(s) listed, Cutler-Hammer reserves the right to establish with the Representative a project specific commission rate at the time of quote for sales made under this particular agreement.

11

Ex A · Pg 11

**EXHIBIT "D"**

**HOUSE ACCOUNTS:**

| Customer | Location | Product(s) Excluded |
|----------|----------|---------------------|
|          |          |                     |
|          |          |                     |
|          |          |                     |
|          |          |                     |

— A . Pa 12

## EXHIBIT "E"

## PRODUCT LINES REPRESENTED BY AGENT*

| Company | Location | Product(s) |
|---|---|---|
| US Tooling | Ontario, Ca | Spas and Gazebo's |
| Water Pick | Canada | Pumps and valves |
| Pool Patrol | Nashua | Pool and gate alarm |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

\* Not all products are represented in all areas.

Ex A . Pg. 13

**EXHIBIT "F"**

**APPROVED CUSTOMERS:**

| Customer | VISTA # |
|---|---|
| Sequoia | 142014 |
| Phoenix Spas | 142013 |
| Southwest Ind. | 142012 |
| Bull Frog Spas | 142010 |
| Baja | 142009 |
| Coleman Spas | 142008 |
| Millennium Spas | 142007 |
| LA Spas | 142006 |
| US Tooling | 142005 |
| Catalina Spas | 142004 |
| Softub | 142003 |
| Dimension One Spas | 142002 |
| Marquis Spa | 141997 |
| Coast Spa | 141843 |
| Watkins | 096211 |
| Cal Spas | 063054 |
| Sundance Spa | 114721 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

Ex. A : Pg 14

**EXHIBIT "G"**

<u>**IDENTIFIED BUSINESS EXCLUDED FROM COMMISSIONS (PARAGRAPH 9A)**</u>

| Company | Location | Project/Product(s) |
|---------|----------|--------------------|
|         |          |                    |
|         |          |                    |
|         |          |                    |
|         |          |                    |
|         |          |                    |
|         |          |                    |
|         |          |                    |
|         |          |                    |

***End***

15

Ex. A : Pa 15

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| L.B. Chip Edleson (Bar No. 097195)<br>Joann F. Rezzo (Bar No. 185675)<br>EDLESON & REZZO<br>402 W. Broadway, 27th Fl., San Diego, CA 92101<br>TELEPHONE NO.: 619-230-8402    FAX NO.: 619-230-1839<br>ATTORNEY FOR *(Name):* Plaintiff | FILED<br>CIVIL BUSINESS OFFICE 5<br>CENTRAL DIVISION<br>2008 MAR 28 P 3:1<br>CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central Division

| CASE NAME:<br>TUMA v. EATON CORPORATION | |
|---|---|

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>37-2008-00080824-CU-BC-CTL |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[✓] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* 2.
5. This case [ ] is  [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 3-27-2008
L.B. Chip Edleson
(TYPE OR PRINT NAME)                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

CIVIL CASE COVER SHEET                    Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 330 West Broadway |
| MAILING ADDRESS: | 330 West Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 685-6025 |

| PLAINTIFF(S) / PETITIONER(S):    William J Tuma |
|---|
| DEFENDANT(S) / RESPONDENT(S):  Eaton Corporation |

| TUMA VS. EATON CORPORATION | |
|---|---|
| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>37-2008-00080824-CU-BC-CTL |

Judge:  Joan M. Lewis                                Department: C-65

**COMPLAINT/PETITION FILED: 03/28/2008**

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2008-00080824-CU-BC-CTL        CASE TITLE: Tuma vs. Eaton Corporation

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

## ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial.

## ADR OPTIONS

**1) CIVIL MEDIATION PROGRAM:** The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non- binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

**2) JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |

| PLAINTIFF(S): William J Tuma |
| DEFENDANT(S): Eaton Corporation |
| SHORT TITLE: TUMA VS. EATON CORPORATION |

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS (CRC 3.221) | CASE NUMBER: 37-2008-00080824-CU-BC-CTL |
|---|---|

Judge: Joan M. Lewis                                                        Department: C-65

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐ Court-Referred Mediation Program                     ☐ Court-Ordered Nonbinding Arbitration

☐ Private Neutral Evaluation                           ☐ Court-Ordered Binding Arbitration (Stipulated)

☐ Private Mini-Trial                                   ☐ Private Reference to General Referee

☐ Private Summary Jury Trial                           ☐ Private Reference to Judge

☐ Private Settlement Conference with Private Neutral   ☐ Private Binding Arbitration

☐ Other (specify): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate: (mediation & arbitration only) _____

Date: _____          Date: _____

_____          _____
Name of Plaintiff                                Name of Defendant

_____          _____
Signature                                        Signature

_____          _____
Name of Plaintiff's Attorney                     Name of Defendant's Attorney

_____          _____
Signature                                        Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

**IT IS SO ORDERED.**

Dated: 03/28/2008                          _____
                                            JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 01-07)    **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**          Page: 1

3

RECYCLED PAPER MADE FROM 20% POST CONSUMER CONTENT

AVERY ™

04/01/08 at 12:32pm

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)
FILED
CIVIL BUSINESS OFFICE 5
CENTRAL DIVISION

2008 MAR 28  P 3:14

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA.

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
EATON CORPORATION, formerly doing business as CUTLER-HAMMER, INC.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
WILLIAM J. TUMA, doing business as TUMA AND ASSOCIATES

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of San Diego

Central Division
330 W. Broadway, San Diego, California 92101

| | |
|---|---|
| CASE NUMBER: *(Número del Caso):* | 37-2008-00080824-CU-BC-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
EDLESON & REZZO                                      tel: 619-230-8402
402 W. Broadway, 27th Fl., San Diego, CA 92101       fax: 619-230-1839

| | | | |
|---|---|---|---|
| DATE: **MAR 2 8 2008** *(Fecha)* | Clerk, by *(Secretario)* M. McKinley | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Eaton Corporation

   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☑ by personal delivery on *(date):* 04/01/08 at 12:32 pm

Page 1 of 1

Form Adopted for Mandatory Use

Code of Civil Procedure §§ 412.20, 465

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
04/01/2008
CT Log Number 513263525

TO:     Victor J Leo, Counsel - Litigation
        Eaton Corporation
        Eaton Center, 1111 Superior Ave E
        Cleveland, OH 44114

RE:     **Process Served in California**

FOR:    Eaton Corporation (Domestic State: OH)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | William J. Tima, etc., Pltf. vs. Eaton Corporation, etc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Exhibit(s), Cover Sheet, Attachment(s) |
| **COURT/AGENCY:** | San Diego County- San Diego, Superior Court, CA<br>Case # 37200800080824CUBCCTL |
| **NATURE OF ACTION:** | Breach of Contract - Failure to pay commission |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/01/2008 at 12:32 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Edleson & Rezzo<br>402 W. Broadway<br>27th Fl.<br>San Diego, CA 92101<br>619 230 8402 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/01/2008, Expected Purge Date: 04/06/2008<br>Image SOP - Page(s): 26<br>Email Notification, Sharon O'Flaherty sharonoflaherty@eaton.com<br>Email Notification, Theresa Thomas theresathomas@eaton.com<br>Email Notification, Victor J Leo VICLEO@EATON.COM |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of  1 / WM

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal opinion
as to the nature of action, the amount of damages, the answer date,
or any information contained in the documents themselves.
Recipient is responsible for interpreting said documents and for
taking appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.

## UNITED STATES
## DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

## # 150387    — MS

## April 30, 2008
## 16:04:22

## Civ Fil Non-Pris
USAO #.: 08-CV-0792-W  CIVIL FILING
Judge..: THOMAS J WHELAN
Amount.:                    $350.00 CK
Check#.: BC205101


Total—>   $350.00


FROM: WILLIAM J. TUMA
      VS. EATON ELECTRICAL INC
      CIVIL FILING

*JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

**BY FAX**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

WILLIAM J. TUMA, dba TUMA AND ASSOCIATES

**(b)** County of Residence of First Listed Plaintiff    SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Edleson & Rezzo, 402 W. Broadway, 27th Floor
San Diego, CA 92101-8567    619-230-8402

## DEFENDANTS

EATON ELECTRICAL INC. ERRONEOUSLY SUED AS EATON CORPORATION

2008 APR 30 PM 4:50

County of Residence of First Listed Defendant    CLEVELAND OHIO
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

DEPUTY

Attorneys (If Known)

'08 CV 0792 W CAB

Rees Law Firm PC, 1925 Century Part East, Suite 2000, Los Angeles, CA 90067    310-277-7071

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 2  U.S. Government Defendant

☐ 3  Federal Question (U.S. Government Not a Party)

☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

### CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☒ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

### REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

**PERSONAL INJURY**
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 440 Other Civil Rights

### PRISONER PETITIONS
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

### FORFEITURE/PENALTY
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

### LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

### IMMIGRATION
☐ 462 Naturalization Application
☐ 463 Habeas Corpus - Alien Detainee
☐ 465 Other Immigration Actions

### BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

### SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC SEC. 1332, 28 USC Sec. 1441(a)

Brief description of cause:
breach of contract

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $    1,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):    JUDGE _____    DOCKET NUMBER _____

DATE    04/30/2008

SIGNATURE OF ATTORNEY OF RECORD    *Robert H Rees*

### FOR OFFICE USE ONLY

RECEIPT #  150367    AMOUNT  $350    APPLYING IFP ____    JUDGE ____    MAG JUDGE ____

MS  4/30

[ Print ]  [ Save As... ]  [ Export as FDF ]  [ Retrieve FDF File ]  [ Reset ]


ORIGINAL

